| | |
|---|---|
| 1 | SETH D. HILTON (SB #181899) |
| | SDHILTON@stoel.com |
| 2 | STOEL RIVES LLP |
| | 111 Sutter Street, Suite 700 |
| 3 | San Francisco, CA 94104 |
| | Telephone: (415) 617-8900 |
| 4 | Facsimile: (415) 676-3000 |
| 5 | Attorneys for Plaintiff |
| | Arrow Electronics, Inc. |

E-FILING   FILED   #1 Feu/d ✱ NP

2007 MAY 25 P 3: 14

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.




UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE BRANCH

ARROW ELECTRONICS, INC., a New York corporation,

Plaintiff,

v.

PYCON, INC., a California corporation,

Defendant.

Case No. C07 02770

**REQUEST FOR ENTRY OF JUDGMENT BY CONFESSION**

BY FAX

Pursuant to the Verified Confession and Stipulation to Entry of Judgment signed and verified by Defendant Pycon, Inc. ("Pycon"), Plaintiff Arrow Electronics, Inc. ("Arrow") hereby requests that this Court enter the Stipulated Final Judgment filed contemporaneously herewith. The grounds for this request are as follows:

1. Arrow is a corporation organized and existing under the laws of the state of New York, with its principal place of business at 7459 South Lima Street, Englewood, Colorado 80112.

2. Pycon is a corporation organized and existing under the laws of the state of California, with its principal place of business at 3301 Leonard Court, Santa Clara, California 95054.

/////

/////

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REQUEST FOR ENTRY OF JUDGMENT BY CONFESSION    -1-

SanFran-224811.1 0041442-00027

3. On April 20, 2007, Arrow and Pycon entered into a Settlement Agreement and Release (the "Settlement Agreement"). (A copy of the Settlement Agreement is attached as Exhibit A.)

4. Pursuant to the Settlement Agreement, Pycon acknowledged that it owes Arrow the principal amount of $1,161,289.93. Pycon also agreed to make certain payments to Arrow. The first payment of $125,000.00 was due on May 14, 2007. (*See* Settlement Agreement ¶ 2.b.)

5. Contemporaneously with the Settlement Agreement, Pycon executed a Verified Confession and Stipulation for Entry of Judgment and a Stipulated Final Judgment (collectively, the "Judgment Documentation"). (The Verified Confession and Stipulation for Entry of Judgment is attached to the Settlement Agreement as Exhibit "A"; the Stipulated Final Judgment is attached to the Settlement Agreement as Exhibit "A1".)

6. The Judgment Documentation clearly provides that if Pycon defaults in its obligations under the Settlement Agreement, Arrow may file the Judgment Documentation with the Court, and that final judgment may be entered against Pycon in the amount of $1,161,289.93; plus interest on the outstanding principal accruing at 18% per annum from the date of the Settlement Agreement; plus the reasonable attorneys' fees incurred by Arrow relating to this matter, including negotiating and drafting the Settlement Agreement and the Judgment Documentation and in pursuing this matter to judgment. (*See* Verified Confession and Stipulation for Entry of Judgment ¶ 4.)

7. The Judgment Documentation provides that the Court may enter the Stipulated Final Judgment *without notice to Pycon*. (*See id.*)

8. Pycon agreed in the Judgment Documentation that all interest and attorneys fees to be added to the Stipulated Final Judgment shall be set forth in an affidavit from or on behalf of Arrow. (*See id.*)

9. Moreover, Pycon waived any defenses, including notice, or offsets that it might have to a final and binding judgment and order and agreed not to contest any final and binding judgment. (*See id.* ¶ 7.)

10. Pycon is currently in default of its obligations under the Settlement Agreement, in that it has failed and/or refused to make its scheduled payments to Arrow. Specifically, Pycon has failed and/or refused to make its initial payment to Arrow due on May 14, 2007. To date, Arrow has received no amounts from Pycon pursuant to the parties' Settlement Agreement and Release. (*See* Affidavit of Douglass P. Christensen ("Christensen Affidavit"), attached as Exhibit B.)

11. Thus, pursuant to the Judgment Documentation, this Court may enter final and binding judgment in favor of Arrow and against Pycon, for the total amount of $1,191,180.23, with post-judgment interest to accrue thereon at the legal rate of judgment.

12. The above judgment amount is calculated, pursuant to the Judgment Documentation, based upon the following:

(a) $1,161,289.93, which is the principal amount to be paid under the Settlement Agreement by Pycon.

(b) Plus $18,898.80, which is the interest on the outstanding principal accruing at 18% per annum form the date of the Settlement Agreement, April 20, 2007, through Wednesday, May 23, 3007 (interest continues to accrue $572.69 per day). (*See* Christensen Aff. ¶ 9.)

(c) Plus $10,991.50, which is the reasonable attorneys fees and costs incurred by Arrow relating to this matter (through Wednesday, May 23, 2007). (*See* Affidavit of Justin B. Palmer, attached hereto as Exhibit C.)

WHEREFORE, Plaintiff ARROW ELECTRONICS, INC., respectfully requests Judgment be entered against PYCON, INC. as follows:

1. Principal in the amount of $1,161,298.93, plus

2. Interest through May 23, 2007 in the amount of $18,898.30; plus

3. Accrual of interest after May 23, 2007 in the amount of $572.69 per day; plus

/////
/////
/////

1      4.    Attorneys fees and costs through May 23, 2003 in the amount of $10,991.50, plus
2  additional attorneys fees and costs in an amount later be proven to this Court.
3  Dated: May 25, 2007                      Respectfully submitted

By: _____
    Seth D. Hilton
    STOEL RIVES LLP
    Attorneys for Plaintiff ARROW
    ELECTRONICS, INC.

---

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REQUEST FOR ENTRY OF JUDGMENT BY CONFESSION    -4-

SanFran-224811.1 0041442-00027

04/20/2007 12:28 FAX 408 727 1130          ZAFAR NAQVI                              ☒002

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between ARROW ELECTRONICS, INC. ("Arrow") and PYCON, INC. ("Pycon"). Arrow and Pycon are sometimes collectively referred to as the "Parties" and individually referred to as a "Party." This Agreement is effective upon its execution by the Parties (the "Effective Date").

Under invoices and non-cancelable/non-returnable parts agreements for purchase of product from Arrow, Pycon acknowledges that it is currently indebted to Arrow in the amount of $1,161,289.93 (the "Debt"). NOW, THEREFORE, in consideration of the covenants and agreements herein contained and other good and valuable consideration, the receipt and sufficiency of which is acknowledged by the Parties, Arrow and Pycon hereby agree as follows:

1. <u>Confession and Stipulation to Entry of Judgment by Pycon</u>. Contemporaneous with its execution of this Agreement, Pycon shall fully execute and deliver to Arrow a Verified Confession and Stipulation to Entry of Judgment (the "Confession of Judgment") and a Stipulated Final Judgment (the "Judgment") in the form reflected in Exhibits "A" and "A1" attached hereto (collectively the "Judgment Documents"). In the Judgment Documents, Pycon shall confess to the entry of the Judgment against it and stipulate that:

    a. Arrow may commence an action against Pycon in the United States District Court for the Northern District of California, San Jose Division, for all claims Arrow may have, now or in the future, against Pycon relating to or arising out of the Debt (the "Litigation"). Pycon consents to jurisdiction in the Northern District of California, San Jose Division.

    b. Final and binding judgment may be entered in favor of Arrow and against Pycon for the principal sum of $1,161,289.93, plus attorneys' fees and costs and interest accruing thereon at the rate of eighteen percent (18%) per annum from the date of this Agreement. Pycon also understands and agrees that this Judgment shall be increased by any reasonable attorneys' fees and costs relating to this matter in any manner, including, but not limited to, attorneys' fees and costs expended to pursue the matter to Judgment, and to enforce and collect the Judgment, if necessary. Pycon expressly waives the right to service of process concerning the Judgment Documents.

2. <u>Non-Enforcement of Judgment</u>. Arrow shall not commence the Litigation nor file or execute on the Judgment Documents so long as the following occur and continue to occur:

    a. <u>Execution of Judgment Documents</u>. Pycon shall execute and deliver to Arrow concurrently with the execution of this Agreement the Judgment Documents.

    b. <u>Initial Payment to Arrow</u>. On or before May 14, 2007, Pycon shall pay to Arrow an initial payment of $125,000.00 (the "Initial Payment"). The Initial Payment shall be sent to Stoel Rives LLP, 201 South Main Street, Suite 1100, Salt Lake City, Utah 84111, c/o Mark E. Hindley, Esq., and shall be tendered in the form of a certified check made payable to "Arrow Electronics, Inc." The Initial Payment must be *received* by

SaltLake-303055.1 0041442-00004

Stoel Rives LLP on or before May 14, 2007. Pycon shall have no grace period for the Initial Payment.

c. *Monthly Payments to Arrow.* Following the execution of this Agreement, Pycon shall pay to Arrow monthly installments of no less than $75,000.00 (the "Monthly Payments"). The first Monthly Payment shall be due and payable on or before June 14, 2007, with subsequent payments due and payable on or before the 14th day of each succeeding month until the Debt is paid in full. If a Monthly Payment falls due on a Saturday, a Sunday, or a legal holiday, the Monthly Payment shall be due the next day that is not a Saturday, a Sunday, or a legal holiday. Each monthly payment shall be sent to Stoel Rives LLP, 201 South Main Street, Suite 1100, Salt Lake City, Utah 84111, c/o Mark E. Hindley, Esq., and shall be tendered in the form of a certified check made payable to "Arrow Electronics, Inc." The Monthly Payments must be *received* by Stoel Rives LLP on or before the appropriate due date. Pycon shall have no grace period for the Monthly Payments.

d. *No Default.* Pycon will not default in performance of this Agreement.

3. *Interest.* So long as Pycon does not default in performance of this Agreement as defined below, the Debt shall not accrue interest. However, if Pycon defaults in performance of this Agreement, the Debt shall accrue interest at the rate of eighteen percent (18%) per annum from the date of this Agreement.

4. *Default.* In the event that Pycon fails to strictly perform its obligations as set forth in this Agreement, such failure shall constitute a "default" under this Agreement. By way of example only, in the event that Pycon fails to make the Initial Payment or one of the Monthly Payments at the time, in the amount, and in the manner provided above, such failure shall constitute a "default" under this Agreement.

a. In the event of a default by Pycon, Arrow may commence the Litigation and immediately file the Judgment Documents in the Court and pursue all remedies available to it, including taking all legal action, as necessary, to enforce and execute upon the Stipulated Judgment. Amounts owing upon default shall be established by Arrow filing an affidavit stating the total amount paid by Pycon and the unpaid balance, including interest accruing at the rate of eighteen percent (18%) per annum from the date of this Agreement. The Parties agree that upon default, Arrow can file, and the Court may enter, the Judgment on the amount set forth in an affidavit from or on behalf of Arrow *without notice* to Pycon. Pycon shall have no right to cure the default, and may only oppose the entry of Judgment on the ground that no default occurred and that all other defenses, in equity or in law, are waived.

5. *Sale of Additional Product to Pycon.* So long as Pycon does not default in performance of this Agreement as defined above, Arrow will sell to Pycon on a certified cash-in-advance basis. The certified payments must be either delivered by Pycon to the appropriate Arrow facility, or wired, expressed, or mailed to Arrow's bank. Pycon's orders will not be released until Arrow confirms receipt of the funds. Arrow will not agree to any other terms of sale other than certified cash-in-advance until the Debt is paid in full.

SaltLake-308055.1 0041442-00004

2

04/20/2007 12:29 FAX 408 727 1130        ZAFAR NAQVI                              ☒004

a.      $21,736.19 of the Debt constitutes contractually obligated material, which Arrow obtained for Pycon on a non-cancelable/non-returnable basis, and which is currently in Arrow's possession (the "NCNR Inventory"). After Pycon has paid the Initial Payment, Arrow will ship the NC/NR Inventory without cash-in-advance.

6.      Future Release of Claims by Arrow. Subject to and upon completion of Pycon's timely and complete performance under this Agreement and payment of all amounts due and owing as set forth herein, Arrow, for itself and its successors and assigns and all other persons or entities asserting any claim by, through or under Arrow, hereby releases and forever discharges Pycon and, where applicable, its respective parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, associates, predecessors, successors, heirs, assigns, agents, partners, employees, insurers, representatives, lawyers and all persons acting by, through, under, or in concert with Pycon (the "Pycon Released Parties") of and from any and all manner of action or actions, cause or causes of action, in law or in equity, and any suits, debts, liens, claims, complaints, obligations, demands, damages, losses, costs, or expenses, of any nature whatsoever, known or unknown, fixed or contingent (collectively, "Claims"), that Arrow now has or may have against any of the Pycon Released Parties as of the Effective Date by reason of any matter, cause, or thing whatsoever arising out of, based upon, or in any way relating to the Debt; provided, however, that the release of Claims set forth in this paragraph shall not occur until Pycon has completely performed under this Agreement.

7.      Release of Claims by Pycon. Pycon, for itself, its successors and assigns and all other persons or entities asserting any claim by, through or under Pycon, hereby releases and forever discharges Arrow and, where applicable, its successors, heirs, assigns, agents, partners, employees, insurers, representatives, lawyers and all persons acting by, through, under, or in concert with Arrow, or any of them (the "Arrow Released Parties") of and from any and all Claims that Pycon now has or may have against any of the Arrow Released Parties as of the Effective Date by reason of any matter, cause, or thing whatsoever arising out of, based upon, or in any way relating to the Debt.

8.      No Assignment. Each Party represents and warrants to the other Party that such warranting Party has not made any assignment, transfer, encumbrance, pledge, or other alienation of any of the Claims, or other rights or interests which are the subject of the releases, discharges and acquittals of paragraphs 6 and 7 hereof. Each Party shall hold harmless, indemnify and defend the other Party hereto from all Claims related to the falsity or the inaccuracy of the foregoing representation and warranty of such Party.

9.      Enforcement of Agreement. If any Party to this Agreement brings an action or proceeding to enforce its rights hereunder, the prevailing Party shall be entitled to recover its costs and expenses, including court costs and reasonable attorneys' fees, if any, incurred in connection with such action or proceeding.

10.     Successors and Assigns. This Agreement shall be binding on, and inure to the benefit of, the Parties hereto and where applicable, their respective parents, subsidiaries, divisions, officers, directors, owners, associates, predecessors, successors, heirs, assigns, agents, partners, employees, insurers, and representatives.

04/20/2007 12:29 FAX 408 727 1130        ZAFAR NAQVI                                    ☒005

11. **Construction of Agreement.** The language of the Agreement shall not be construed in favor of or against any particular Party. The headings used herein are for reference only and shall not affect the construction of this Agreement.

12. **Further Assurances.** Each of the Parties to this Agreement agree to execute and deliver to the other Party such other documents, pleadings, instruments, and writings necessary to effectuate this Agreement and shall undertake such other actions to cause the consummation of the transactions contemplated by this Agreement, including, but not limited to, any modifications to the Judgment Documents requested by Arrow or that are necessary for a court to give effect to those documents and this Agreement.

13. **Entire Agreement.** This Agreement and any exhibits attached hereto represent the sole and entire agreement between the Parties and supersedes all prior agreements, negotiations, and discussions between the Parties and/or their respective counsel with respect to the subject matter covered hereby.

14. **Agreement May Be Executed In Counterparts.** This Agreement may be executed in counterparts, all of which together shall constitute and be considered a fully executed original. The Parties agree that facsimile copies of signatures may be accepted as original copies and are fully binding upon the Parties.

15. **Severability.** In the event that any provision in or obligation under this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, or enforceability of other provisions in or obligations under this Agreement shall not in any way be affected or impaired thereby.

16. **Amendment to Agreement.** Any amendment to this Agreement must be in a writing signed by duly authorized representatives of the Parties hereto and stating the intent of the Parties to amend this Agreement.

17. **Authority.** By executing this Agreement, each of the Parties represents that he, she or it has the right, legal capacity, power and authority to enter into this Agreement and to perform its obligations hereunder. The execution of this Agreement by the Parties, the performance by the Parties of their obligations hereunder, and the transactions contemplated hereby do not require any further action or the consent of any third party.

18. **Action to Enforce Agreement/Jury Waiver.** Any claim brought to construe or enforce the terms of this Agreement shall only be brought in the United States District Court for the Northern District of California, San Jose Division. This Agreement shall be construed under Utah law. In any litigation relating to or arising out of this Agreement, the Parties hereby expressly waive their right to a trial by jury.

19. **Legal Counsel.** Each Party to this Agreement acknowledges, represents and warrants that it has been encouraged to seek the advice of competent legal counsel and that such Party has either had advice of competent legal counsel of its own choosing in negotiations for and the preparation of this Agreement and the releases of claims set forth herein, or that such Party has knowingly assumed the risk of proceeding without legal counsel.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement effective as of the date upon which each of the Parties shall have executed this Agreement.

DATED this 20th day of APRIL, 2007.   ARROW ELECTRONICS, INC.
                                      By _____
                                      Its ACCOUNT FINANCE MANAGER

DATED this 20 day of APRIL, 2007.    PYCON, INC.
                                      By _____
                                      Its PRESIDENT & COO

04/20/2007 12:30 FAX 408 727 1130    ZAFAR NAQVI    ☒007

# EXHIBIT "A" TO

# SETTLEMENT AGREEMENT

# AND RELEASE

# (STIPULATION FOR ENTRY OF JUDGMENT)

SaltLake-308055.1 0041442-00004

04/20/2007 12:30 FAX 408 727 1130        ZAFAR NAQVI                              ☏008

| | |
|---|---|
| ARROW ELECTRONICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PYCON, INC., <br><br> Defendant. | VERIFIED CONFESSION AND STIPULATION TO ENTRY OF JUDGMENT <br><br> CASE NO. _____ |

Pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure, the undersigned defendant Pycon, Inc. ("Defendant") HEREBY AGREES, STIPULATES, AND CONFESSES in writing as follows:

1. The purpose of this Verified Confession and Stipulation to Entry of Judgment ("Stipulation") is to secure repayment of the amounts owed by Defendant to Arrow Electronics, Inc. ("Arrow") under the parties' Settlement Agreement and Release (the "Settlement Agreement").

2. The amount to be paid by Defendant to Arrow pursuant to the Settlement Agreement is $1,161,289.93 (the "Settlement Amount").

3. This Stipulation and the Stipulated Final Judgment ("Judgment") (together the "Judgment Documents") shall be held by Arrow but not be filed with the Court provided that Defendant complies with the Settlement Agreement.

4. If the terms and conditions of the Settlement Agreement or this Stipulation are not fully adhered to, it is hereby stipulated and agreed that Arrow may file with the Court the Judgment Documents and the Judgment shall be entered in favor of Arrow and against Defendant for the Settlement Amount, less credit for payments made to Arrow pursuant to the

04/20/2007 12:30 FAX 408 727 1130        ZAFAR NAQVI                    ☒009

Settlement Agreement, plus interest accruing on the Settlement Amount at the rate of eighteen percent (18%) per annum from the date of the Settlement Agreement, plus any reasonable attorneys' fees and costs relating to this matter in any manner, including, but not limited to, attorneys' fees and costs expended to pursue the matter to Judgment, and to enforce and collect the Judgment, if necessary. All credits to be deducted, and all interest and attorneys fees to be added, to the Judgment shall be set forth in an affidavit from or on behalf of Arrow.

5. Defendant expressly acknowledges that it approves of the form of Judgment, and if, upon Arrow's request for entry of judgment, the court requires a different form of judgment or other documentation necessary to enter judgment, Defendant will cooperate with Arrow to facilitate the submission of such documentation to the court.

6. The parties agree that the court may enter the Judgment *without notice to Defendant*. Defendant shall have no right to cure its default (other than that provided in the Settlement Agreement), and may only oppose the entry of Judgment on the ground that no default occurred.

7. Defendant waives any and all defenses that it may have to a final and binding judgment and will not contest the entry of any final and binding judgment thereon.

8. Defendants waive any and all rights it has to request or to have a trial or any right to appeal from the entry of Judgment as a result of this Stipulation.

9. At such time as Defendant pays the total amounts due as set forth in the Parties' Settlement Agreement, Arrow's right to exercise the Judgment against Defendant shall cease.

SaltLake-303057.1 0041442-00004                2

04/20/2007 12:31 FAX 408 727 1130          ZAFAR NAQVI                              ⌀010

10. Defendant acknowledges and agrees the Judgment that may be entered hereon may be entered and enforced in the United States District Court for the Northern District of California, San Jose Division, and Defendant expressly waives any right it may have to contest the validity or enforceability of such Judgment, other than as provided by the terms of this Stipulation.

11. This Stipulation may be executed in two or more counterparts, all of which together shall constitute one Stipulation. A signed facsimile of this Stipulation may be used for all purposes in place of and instead of the original and will be binding upon the signing parties as if it were the original.

12. IT IS FURTHER STIPULATED AND AGREED that, in the event a dispute arises over the filing, entry, or enforcement of the terms of this Stipulation or the lodging, entry, or execution of the Judgment to be entered hereon, then (a) the parties agree that such dispute shall be decided solely by a judge of this Court, and they expressly waive any and all right to have such dispute decided by a jury empanelled by this or any other Court; and (b) the prevailing party shall be entitled to recover its attorneys' fees and costs incurred in connection with the resolution of such dispute.

(Remainder of page intentionally left blank.)

04/20/2007 12:31 FAX 408 727 1130    ZAFAR NAQVI    ☒011

The foregoing Verified Confession and Stipulation to Entry of Judgment is hereby unconditionally accepted

DATED this 20 day of April, 2007.    PYCON, INC.

By _____

Its PRESIDENT COO

STATE OF CALIFORNIA )
                    : ss.
COUNTY OF SANTA CLARA )

On the 20TH day of April, 2007, ISHARUE N. RAJ, the PRESIDENT of Pycon, Inc. personally appeared before me, and being duly sworn under oath, acknowledged that he has read the foregoing VERIFIED CONFESSION AND STIPULATION TO ENTRY OF JUDGMENT and that he has knowingly and voluntarily executed the same.

_____
NOTARY PUBLIC
Residing at:
3301 LEONARD COURT
SANTA CLARA, CA 95054

My Commission Expires:

06-01-2008

[Notary Seal: ZAFAR AHMED NAQVI, COMM. # 1493174, NOTARY PUBLIC, CALIFORNIA, SANTA CLARA COUNTY, EXP. JUNE 1, 2008]

SaltLake-308057.1 0041442-00004

4

04/20/2007 12:31 FAX 408 727 1130     ZAFAR NAQVI                           ⌀012

# EXHIBIT "A1" TO
# SETTLEMENT AGREEMENT
# AND RELEASE
# (STIPULATED JUDGMENT)

SaltLake-308055.1 0041442-00004

Agreement and the Judgment Documents as provided in the Settlement Agreement and to pursue this matter to the date of this Judgment.

3. It is further ordered that this Judgment shall be augmented in the amount of Arrow's reasonable costs and attorneys' fees expended in enforcing this Judgment as shall be established by affidavit by Arrow.

IT IS SO ORDERED.

DATED this _____ day of _____, 20___.

_____
District Court Judge

APPROVED AS TO FORM:

_____
Pycon, Inc.

SaltLake-305061.1 0043442-00004                    2