JAVED ELLAHIE, ESQ (State Bar: 63340)
THE ELLAHIE LAW FIRM
12 S. FIRST ST.,
SAN JOSE, CA 95113
Telephone:     408-294-0404
Facsimile:      408-294-6659

Attorneys for Defendant Pycon, Inc.

### IN THE UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROW ELECTRONICS, Inc., a New York Corporation<br><br>    Plaintiff,<br><br>vs.<br><br>PYCON Inc., a California Corporation<br><br>    Defendant          / | No. C07-02770 RS<br>**DEFENDANT PYCON, INC.'S OPPOSITION TO PLAINTIFF ARROW ELECTRONICS, INC.'S EX PARTE REQUEST FOR ENTRY OF JUDGMENT BY CONFESSION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Jury Trial Demanded |

COMES NOW DEFENDANT PYCON, INC., by and through its attorney, Javed Ellahie, and opposes Plaintiff ARROW ELECTRONICS, INC.'s ex parte request for entry of judgment by confession. The Plaintiff has not filed a Complaint, nor has it served a summons on Defendant. Due to the ex parte nature of the Request by the Plaintiff, Defendant has expedited this response. Defendant will file a formal Answer to the Complaint, raising affirmative defenses and counter-claims, if any, upon the issuance and service of a Summons which would require Defendant to do so.

## I. Procedural Background

On May 25, 2007, Plaintiff ARROW ELECTRONICS, INC. (hereinafter, "ARROW") filed its Request for Entry of Judgment by Confession (hereinafter, "Request") with supporting papers, including affidavits from Utah attorney Justin B. Palmer and from Colorado resident Douglass P. Christensen. The Request is substantially based on a certain instrument attached thereto, entitled "Settlement Agreement and Release."

Exhibit A thereto is another document attached, entitled "Verified Confession and Stipulation to Entry of Judgment." Exhibit A1 thereto is a document purported to be a page 2. Exhibits A and A1 are alleged to have been signed by Defendant PYCON, INC. (hereinafter, "PYCON"), in Para. 4 of Christensen's 5/23/07 declaration.

## II. Statement of Facts

(This Statement is based on the allegations in the affidavits supporting ARROW's Request, together with the documents attached thereto. PYCON makes no admission of the truth of those allegations or the genuineness of the documents.)

The document purporting to be a Verified Confession and Stipulation to Entry of Judgment (hereinafter, "Exhibit A") does not include any Certificate of Examination of Proposed Judgment and Advisement of Defendant, such as would be necessary under Cal. Code Civ. P. sec. 1132(b) to make the purported "Confession" enforceable.

The document attached to the Request, entitled "Settlement Agreement and Release" (hereinafter, "Settlement Agreement") was allegedly executed on April 20, 2007, at a place or places not alleged. The unverified Request alleges in conclusory fashion, "... ARROW and PYCON entered into a Settlement Agreement and Release" (Request, Para. 3).

Neither the Settlement Agreement nor PYCON's underlying transactions with ARROW are alleged to have had any contact with Utah. ARROW is a New York corporation (Request, Para. 1); PYCON is a California corporation (Id., Para. 2). According to the notary's jurat, PYCON's President and Chief Operating Officer, Ishaque A. Rajput, the person claimed to have been PYCON's signatory on Exhibit A, was in California on April 20, 2007, not in Utah. Nevertheless, the Settlement Agreement (not the purported Confession of Judgment) includes a choice of law provision

(Para. 18) selecting **Utah** law as the controlling law for matters of "constru[ing]" "This Agreement" (namely, "the Settlement Agreement and Release" only).

Nothing in the document attached to the Settlement Agreement as its Exhibit A recites a fact out of which PYCON's alleged liability for any money is due; it merely recites a certain "amount to be paid by [PYCON] to ARROW pursuant to the Settlement Agreement [as] $1,161,289.93 ..." (Exhibit A, Para. 2).  There is no certificate of any attorney, accompanying the alleged Settlement Agreement and the purported Verified Confession and Stipulation to Entry of Judgment, averring that the attorney has (1) examined the proposed judgment, (2) advised PYCON with respect to the waiver of rights and/or defenses under the confession of judgment procedure, or (3) advised PYCON to utilize the confession of judgment procedure.

### III.  Summary of Argument

Cal. Code Civ. P. sec. 1132(b) provides as follows:

> "(b) A judgment by confession shall be entered only if an attorney independently representing the defendant signs a certificate that the attorney has examined the proposed judgment and has advised the defendant with respect to the waiver of rights and defenses under the confession of judgment procedure and has advised the defendant to utilize the confession of judgment procedure. The certificate shall be filed with the filing of the statement required by Section 1133."

Cal. Code Civ. P. sec. 1133 provides as follows:

> "A statement in writing must be made, signed by the defendant and verified by his oath, to the following effect:
>
> 1. It must authorize the entry of judgment for a specified sum;
>
> 2. If it be for money due, or to become due, it must state concisely the facts out of which it arose, and show that the sum confessed therefor is justly due, or to become due;
>
> 3. If it be for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the liability, and show the sum confessed therefor does not exceed the same."

Exhibit A, the purported "Confession," does not comply with Sec. 1132(b), because there is no certificate from an independent attorney, or from any attorney at all, representing that he or she has "examined the proposed judgment and ... advised [PYCON] with respect to the waiver of rights [or] defenses under the ... procedure."  There is also no attorney certificate that any attorney has "advised [PYCON] to utilize the confession of judgment procedure."

---

**Defendant Pycon, Inc.'s Opposition, Memo P & A** - 3 -

Furthermore, Exhibit A does not "state concisely the facts out of which it [the claim for money due] arose." Accordingly, it does not comply with Sec. 1133(2).

The Notary Public's jurat at page 4 of Exhibit A states that the purported Confession was allegedly executed in California, Santa Clara County. Although the Settlement Agreement, on its face, includes a "choice of law" provision ("This Agreement shall be construed under Utah law") in its Para. 18, p.4, that provision is strictly construed to apply only to the "Settlement Agreement and Release," and not to its incorporated, separately executed "Verified Confession and Stipulation to Entry of Judgment."

Accordingly, the Confession is ineffective and unenforceable as noncompliant with Cal. Code Civ. P. secs. 1132(b) and 1133(2).

Also, the Request for Entry of Judgment by Confession and its supporting papers show no apparent connection with Utah, other than the coincidence of ARROW's attorneys having an office in Salt Lake City, Utah (5/24/07 Palmer affidavit, Para. 1). In order for a choice of law provision to be effective, there must be some significant basis for the chosen state's law to apply, as, for example, the transaction was agreed to or meant to be performed there, or perhaps one or both of the parties thereto were from the chosen state. The office of the attorneys representing a party to a contract is insufficient basis for invoking that state as the state whose law is chosen in an effective contract provision. Accordingly, California's law has to be enforced with respect to the purported "confession of judgment" procedure.

On another level, even if the Request were otherwise valid, the proposed "Stipulated Final Judgment" is inappropriate, because Exhibit A1 shows that whatever paper may have been signed by someone purportedly on PYCON's behalf, consisted of two (2) lines of a preceding paragraph only, and a three-line Para. 3. The Stipulated Final Judgment presented to the Court under this Request includes instead two (2) subparagraphs (c) and (d), only the last two (2) lines of which are comparable to anything in Exhibit A1. The top five (5) lines in the Stipulated Final Judgment not comparable to anything in Exhibit A1. Nothing on page 1 of the purported Stipulated Final Judgment is comparable to anything in Exhibit A1.

## IV. Legal Argument

**A. For a Confession of Judgment to be Enforceable in California, It Must Comply with Code Civ. P. Secs. 1132(b) and 1133(2).**

Since the alleged Settlement Agreement's choice of law provision applies only to "constru[ing]" that Agreement, and not to enforcing it, the implementation of California's law to the confession of judgment procedure is unimpeded. There is no provision in the Federal Rules of Civil Procedure, for confession of judgment. Where there is no express limitation in a federal statute, the forum state's limitations are applied. Board of Regents v. Tomanio (1980) 446 U.S. 478, 100 S.Ct. 1790, 1795 [64 L.Ed.2d 440, 447]; Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson (1991) 501 U.S. 350, 111 S.Ct. 2773, 2780 [115 L.Ed.2d 321, 335]; North Star Steel Co. v. Thomas (1995) 515 U.S. 29, 115 S.Ct. 1927, 1929 [132 L.Ed.2d 27, 30].

Utah law may apply to interpreting the alleged Settlement Agreement, but would not supersede the law of the forum (Northern District of California) as to the procedure for a defendant's confession of judgment. A choice of law provision may affect the substantive law applied to the controversy, but does not affect the procedural law unless so written.

For example, in Sun Oil Co. v. Wortman (1988) 486 U.S. 717, 729, 108 S.Ct. 2117, 2125 [100 L.Ed.2d 743], the court held that, even though the substantive law of Texas, Oklahoma and Louisiana may have applied to a case that arose in Kansas, the statute of limitations of Kansas, the forum state, governed the enforcement of a judgment.

Matters of procedure are governed by the law of the forum. Klaffki v. Kauffman (1921) 52 Cal.App.48, 50. This includes questions as to, or mandated by, the form of the action (e.g., one in equity or at law, whether it be tort or contract, or "mak[ing] applicable other procedural rules.") (3 Witkin, California Procedure (4th ed.), "Actions," sec. 96, p. 163, citing Rest.2d, Conflict of Laws, secs. 123-124). Thus, since imposition of the procedure for confessing judgment has nothing to do with construing the Settlement Agreement, California's law under Code Civ. P. secs. 1132(b) and 1133(2), not Exhibit A's choice of law provision, govern this dispute.

This is similar to the rule that the law of the forum applies to such ancillary remedies as "attachment, injunction [and] receiver ... in the main action." (3 Witkin, California Procedure, supra, "Actions," sec. 96, p. 164).

The purported confession of judgment (Exhibit A) included a purported waiver of "... rights ... to have a trial" on the alleged obligation (Exhibit A, Para. 8).  Waiver of such procedural terms is considered procedural and thus governed by the law of the forum, rather than substantive.  If it were a substantive term, right to trial would ordinarily be governed by the choice of law provision.

For example, in Vanier v. Ponsoldt (1992) 251 Kan. 88 [833 P.2d 949, 960], cited in Rest.2d, Conflict of Laws, sec. 129, the Court held that the right to a jury trial -- allegedly waived by PYCON here -- was a procedural issue to be determined by the law of the forum.  In Vanier, the forum's rule was that parties have no right to jury trial on equitable claims. (Similarly, IMA v. Superior Court (Allstate Ins. Co.) 62 Cal.App.4th 1546 [73 Cal.Rptr.2d 462, 465]).

Even if the Settlement Agreement's choice of Utah law were applicable to the substantive law of this case, it would not affect the result that the procedural management of the case has to comply with California's requirements for confessed judgments (Code Civ. P. secs. 1132(b) and 1133(2)).  The purported Confession and Stipulation to Entry of Judgment (Exhibit A) does not comply with these California statutes.  The Request must be denied.

In addition, the Settlement Agreement's Para. 18 does not apply to the purported Verified Confession and Stipulation to Entry of Judgment. By its terms, it only applies to the Settlement Agreement itself.  It also applies to construing that instrument, not to enforcing it.   For these further reasons, the Request must be denied.

Finally, for a choice of law provision to be effective in any event, the state chosen must have some significant contact with the controversy giving rise to the lawsuit.  In Valley Juice v. Evian Waters of France (2d Cir., 1996) 87 F.3d 604, 607-609 [appeal after remand, 213 F.3d 627], the parties' contractual choice of New York law was subjected to a "reasonableness" evaluation, where the distributor sued the supplier in Massachusetts and the supplier filed suit against the distributor in Connecticut. The reasonableness arose from the supplier's state of incorporation, New York.

The place where the lawyers for one or more parties maintain their offices is not a significant enough factor to justify a written choice of law provision selecting that state's law. This is especially so where, as here, *enforcing the law of the nonforum ("chosen") state would contradict the forum state's public policy*. Solman Distributors v. Brown-Forman Corp. (1st Cir., 1989) 888 F.2d 170,

172, cited in Rest.2d, Conflict of Laws, sec. 187.

**B. The Verified Confession and Stipulation to Entry of Judgment does not Comply with Code Civ. P. Secs. 1132(b) and 1133(2).**

The purported Verified Confession and Stipulation to Entry of Judgment (Exhibit A) does not include any Certificate of Examination of Proposed Judgment and Advisement of Defendant, such as would be necessary under Cal. Code Civ. P. sec. 1132(b) to make it enforceable. It also does not "state concisely the facts out of which it [the claim for money due] arose," such as would be necessary to comply with Sec. 1133(2). These failures obviate entry of judgment on a request for entry of judgment based on a purported confession to judgment.

**C. Request for Entry of Judgment on Alleged Settlement Agreement and Purported Confession of Judgment is Not the Proper Procedure for Enforcing the Alleged Settlement.**

There was no action pending, forming the basis of the alleged Settlement Agreement. This Court did not reserve jurisdiction to enforce the alleged Settlement Agreement between ARROW and PYCON. The determination of disputed issues of fact related to settlement, if any, must be in the form of a "plenary hearing," with findings on the disputed facts, rather than on affidavits. Schwarzer, California Practice Guide: Federal Civil Procedure Before Trial (2007), "Pretrial Conference and Settlement Procedures," secs. 15:147-148.1, pp. 15-62, 15-62.1, citing, *inter alia*, Callie v. Near (9th Cir. 1987) 829 F.2d 888, 890 and Ozyagcilar v. Davis (4th Cir. 1983) 701 F.2d 306, 308.

**D. The Form of the Proposed Judgment Does Not Compare Favorably with Exhibit A1.**

There are textual differences between the Proposed Judgment and Exhibit A1. The omission of page 1 of Exhibit A1 makes it impossible to tell whether any of the form was approved. Without waiving the foregoing opposition to the Request, Pycon asks the Court to deny Plaintiff's Request, alternatively, on this ground.

## VI. Conclusion

For the reasons set forth above, Defendant PYCON respectfully submits that Plaintiff ARROW's Request for Entry of Judgment should be DENIED and the pleading filed by the Plaintiff dismissed.

                                          Respectfully Submitted,

                                          ELLAHIE LAW FIRM


                                        By: /S/ Javed Ellahie
                                        JAVED ELLAHIE
                                        Attorney for Defendant PYCON, INC.