SETH D. HILTON (SB #181899)
sdhilton@stoel.com
STOEL RIVES LLP
770 L Street, Suite 800
Sacramento, CA  95814-3361
Telephone:  (916) 447-0700
Facsimile:  (916) 447-4781

Attorneys for Plaintiff
Arrow Electronics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARROW ELECTRONICS, INC. a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>PYCON, INC.  a California corporation,,<br><br>Defendant. | Case No.  C07 02770<br><br>PLAINTIFF ARROW ELECTRONICS, INC.'S REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR ENTRY OF JUDGMENT BY CONFESSION<br><br>(**Expedited Hearing Requested**) |

Plaintiff Arrow Electronics, Inc. ("Arrow") hereby submits this Reply Memorandum in Support of its Request for Entry of Judgment by Confession.

**INTRODUCTION**

Arrow is in the business of selling a variety of electronic products.  Defendant Pycon, Inc. ("Pycon") provides certain electronic manufacturing services.  Beginning in December 2005 and continuing through March 2007, Pycon ordered from Arrow, and Arrow delivered to Pycon, a substantial amount of electronic product on credit.  Although Pycon gladly accepted the product, it knowingly failed to pay for it.  Thus, in April 2007, Arrow retained counsel to collect the debt owing by Pycon.

Both Arrow and Pycon desired to resolve their dispute without the need for costly litigation. Thus, on April 20, 2007, the parties entered into a Settlement Agreement and Release (the "Settlement Agreement"). The Settlement Agreement was signed by Pycon's President, Ishaque M. Rajput. According to the terms of the Settlement Agreement, Pycon expressly acknowledged that it is indebted to Arrow in the amount of $1,161,289.93 (the "Debt"). Arrow agreed to refrain from suing Pycon to collect the Debt, so long as Pycon made scheduled payments on the Debt.

Contemporaneously with its execution of the Settlement Agreement, Pycon executed a Verified Confession and Stipulation to Entry of Judgment (the "Verified Confession") and a Stipulated Final Judgment (the "Stipulated Judgment") (collectively, the "Judgment Documentation"), and agreed to allow Arrow to file the Judgment Documentation with this Court if it defaulted on the scheduled payments. Importantly, Pycon expressly waived any and all defenses that it may have to entry of the Judgment Documentation, and agreed to "cooperate with Arrow to facilitate the submission of such documentation to the court." The entire purpose of the Judgment Documentation was to avoid the need for a hearing if Pycon defaulted on its payment obligations.

Unfortunately, Pycon failed to make even its first scheduled payment under the Settlement Agreement. Now, Pycon seeks to block entry of the Stipulated Judgment based on California state procedural rules that have no application in this federal court. Specifically, Pycon seeks to block this Court's entry of the Stipulated Judgment on the ground that no attorney for Pycon advised it with respect to the waiver of rights and defenses under the Judgment Documentation. Pycon disingenuously makes this argument, despite the fact that it expressly acknowledged in the Settlement Agreement "that it has been encouraged to seek the advice of competent legal counsel and that [it] has either had advice of competent legal counsel of its own choosing in negotiations

for and the preparation of th[e Settlement] Agreement and the releases of claims set forth [t]herein, *or that [it] knowingly assumed the risk of proceeding without legal counsel.*" (Emphasis added.)

Pycon's bad faith effort to block entry of the Stipulated Judgment should be denied. Pycon concedes (and rightly so) that the rules on which it relies to block entry of the confessed judgment—sections 1132 and 1133 of the California Code of Civil Procedure—are procedural rules. Yet, Pycon overlooks the fact that federal procedural rules not state procedural rules apply in federal court. The applicable federal procedural rules allow federal courts to enter confessed judgments, unless the defendant shows that it did not knowingly make the confession. Tellingly, Pycon does not even suggest that it did not knowingly make the confession at issue here, nor could it (Pycon's COO knowingly signed and notarized the Verified Confession). Instead, Pycon simply argues that the *form* of the confession fails to comply with the technical requirements of California's rules of procedure. Accordingly, Pycon's objection to entry of the Verified Confession has no basis under the federal procedural rules.

Regardless, even if sections 1132 and 1133 of the California Code of Civil Procedure applied in this Court, as Pycon wrongly alleges, this Court *still* should enter the Stipulated Judgment. The *only* reason that the Verified Confession is not accompanied by a certificate from Pycon's attorney (as is required by section 1132) is because Pycon—a sophisticated corporate entity—knowingly refused to obtain the advice of counsel prior to entering into the Settlement Agreement, *despite being advised to do so by Arrow*. Clearly, then, Pycon waived its right to invoke section 1132 and should be estopped from relying on it. Pycon should not be allowed to knowingly refuse to obtain counsel, and then assert its lack of counsel as a defense to entry of the Verified Confession.

In sum, at its heart, Pycon's opposition to Arrow's Request is nothing more than an attempt to delay enforcement of the Debt that it undisputedly owes Arrow. Pycon's actions are directly contrary to the purpose of the Verified Confession, which is to obviate the need for lengthy litigation when there is no dispute as to Pycon's liability. Accordingly, the Request to enter the Stipulated Judgment should be granted.

## ARGUMENT

### I.   SECTIONS 1132 AND 1133 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE DO NOT APPLY IN FEDERAL COURT.

Pycon argues that California's state procedural rules regarding judgments by confession should bar this Court from entering the Stipulated Judgment. However, as Pycon itself correctly notes, and as the Ninth Circuit has recognized, the entry of a confessed judgment is "considered procedural . . . rather than substantive." (Def.'s Opp. Mem. at 6.) *See also Retail Clerks Union Joint Person Trust v. Freedom Food Ctr., Inc.*, 938 F.2d 136, 137 (9th Cir. 1991) ("the entry of a confessed judgment is a matter of procedure where the federal rules govern") (internal quotation marks omitted). However, Pycon errs in concluding that, because sections 1132 and 1133 of the California Code of Civil Procedure are procedural, California rather than Utah procedural law should apply. This inquiry is irrelevant. Instead, the proper inquiry is whether *federal* rather than state procedural rules apply to the entry of the Verified Confession.

### A.   The Federal Rules of Civil Procedure Govern the Entry of the Stipulated Judgment.

It is axiomatic that federal courts sitting in diversity are to apply state substantive law and federal procedural law. *E.g., Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). State procedural rules *never* apply in federal court when the situation is covered by the Federal Rules of Civil Procedure or by the local rules adopted by the federal district court. *Hanna*, 380 U.S. at 471. Rather, the federal court must apply the federal

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

REPLY MEMORANDUM IN SUPPORT OF
REQUEST FOR ENTRY OF JUDGMENT BY    -4-    C07 02770
CONFESSION

rules. *Id.*; *see also* Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature").[1]

Here, Pycon incorrectly states that "there is no provision in the Federal Rules of Civil Procedure, for confession of judgment." (Def.'s Mem. 5.) In fact, although the Federal Rules do not specifically mention judgments by confession, the federal procedural rules *do* cover the procedures for the entry of *all* judgments in federal court, including confessed judgments. *See* Fed. R. Civ. P. 77(c) ("All motions and applications in the clerk's office for issuing . . . other proceedings which do not require allowance or order of the court are grantable of course by the clerk"); Moore's Fed. Practice § 77.06 (3d ed. 2006) ("A judgment by confession is the type of motion grantable by the clerk pursuant to Rule 77(c)."); Fed. R. Civ. P. 58(d) ("A party may request that judgment be set forth on a separate document"). The federal rules further provide the sole mechanism for relief from a judgment by confession in federal court. *See* Fed. R. Civ. P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . ."); *AmQuip Corp. v. Pearson*, 101 F.R.D. 332, 335 (E.D. Pa. 1984) (holding that "Federal Rule 60(b) seems to address the standard for obtaining relief from a [confessed] judgment in federal court" rather than state rules). Accordingly, the Federal Rules of Civil Procedure, rather than state procedural rules, govern Arrow's Request.

---

[1] The cases cited by Pycon are inapposite to the present case. In each case cited by Pycon, the court dealt with a federal *statute* that did not contain its own statute of limitations. The courts, therefore, applied the state statute of limitations to the federal statute. *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 33-34 (1995) ("Since 1830, state statutes have repeatedly supplied the periods of limitations for federal causes of action when the federal legislation made no provision"); *Lampf v. Gilbertson*, 501 U.S. 350, 356 (1991) ("when Congress has failed to provide a statute of limitations for a federal cause of action, a court 'borrows' or 'absorbs' the local time limitation most analogous to the case at hand. . . . This practice . . . has enjoyed sufficient longevity that we may assume that, in enacting remedial legislation, Congress ordinarily intends by its silence that we borrow state law."); *Bd. of Regents v. Tomanio*, 466 U.S. 478, 484 (1980) ("Congress quite clearly instructs [federal courts] to refer to state statutes when federal law provides no rule of decision for actions brought under § 1983.") (internal quotation marks omitted). This "limitation borrowing" rule is completely irrelevant to the case at bar.

### B. The Verified Confession and Stipulated Judgment Comply with the Federal Procedural Rules and Should be Entered.

Unlike section 1132 of the California Code of Civil Procedure, the federal rules do not require that a confession to judgment be accompanied by a certificate from an attorney representing the defendant. *Retail Clerks Union*, 938 F.2d at 137 (holding that, even though a stipulated judgment did not comply with California law because it was signed on behalf of the defendant by a non-attorney, it was enforceable under federal procedural rules); *see also* N.D. Cal. Civ. L. R. 7-12 ("Every stipulation requesting judicial action must be in writing signed by all affected parties *or* their counsel.") (emphasis added).  Therefore, Arrow's Request should be granted under the federal rules, despite the fact that it does not contain a certificate from Pycon's counsel.  Similarly, the federal procedural rules do not require that a confessed judgment "state concisely the facts out of which it arose," as section 1133 of the California Code of Civil Procedure does.  Regardless, the confession here complies with this requirement.  In sum, the Stipulated Judgment should be entered because it complies with the applicable federal rules.  That is, it is in writing and signed by all affected parties.  *See* N.D. Cal. Civ. L. R. 7-12.

### II. EVEN IF SECTIONS 1132 AND 1133 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE APPLY, ARROW'S REQUEST SHOULD STILL BE GRANTED.

Even if the rules of California state procedure at issue did apply in this federal action, the Stipulated Judgment should still be entered by this Court for two reasons.  First, Pycon waived its right to invoke section 1132 and should be estopped from relying on it, based on its own refusal to obtain an attorney to review the Verified Confession.  Second, the Verified Confession complies with section 1133.

### A. Pycon Should Not Be Allowed To Knowingly Refuse To Obtain Counsel, and Then Assert Its Lack of Counsel As a Defense to Entry of the Verified Confession.

As is indicated in the Settlement Agreement, Arrow advised Pycon to seek the advice of counsel <u>before</u> signing the Verified Confession.  (Settlement Agreement, Ex. A to Request, ¶ 19.)

Yet, Pycon—a sophisticated corporate entity—knowingly chose to assume the risk of proceeding without counsel. (*Id.*) Therefore, Pycon waived its right to invoke section 1132. *See Brookview Condo. Owner's Assn. v. Heltzer Ent.-Brookview*, 267 Cal. Rptr. 76, 83 (Cal. Ct. App. 1990) (holding that waiver occurs when there is "conduct so inconsistent with any intent to enforce [a known] right as to induce a reasonable belief that it has been relinquished"). *See also Atl. Leasing & Fin., Inc. v. IPM Tech., Inc.*, 885 F.2d 188, 192-93 (4th Cir. 1989) (holding that entry of judgment by confession was valid even when the corporate defendant failed to have the confession reviewed by counsel because such failure "hardly excuses [the defendant's] officers and directors from an obligation to read the contract carefully on their own and to seek legal assistance if something is not clearly understood").

Moreover, Arrow has been prejudiced by Pycon's delay tactics. Indeed, Arrow could certainly have elected to sue Pycon on its debt earlier in the year. Instead, Arrow negotiated a Settlement Agreement with Pycon and allowed Pycon to make scheduled payments on the Debt, in exchange for the Verified Confession and Stipulated Judgment. In doing so, the parties intended to avoid drawn-out litigation over an undisputed debt. *See Aaronian*, 93 F.3d at 641 (holding that the "entire purpose" of a confession to judgment clause is to avoid the need for a hearing). Now, by invoking section 1132 of the California Code of Civil Procedure, Pycon seeks to frustrate the *entire purpose* of the Settlement Agreement. Therefore, this Court should estop Pycon from invoking section 1132. *See Brookview Condo. Owner's Assn.*, 267 Cal. Rptr. at 81 (holding that the doctrine of equitable estoppel applies to "prevent defendant from profiting from his deception" when the plaintiff reasonably relied on the defendant's actions) (quoting *Tejada v. Blas*, 242 Cal. Rptr. 538 (Cal. Ct. App. 1987)).

**B.    The Verified Confession Complies With Section 1133.**

The Verified Confession *does* concisely state the facts out of which it arose, as is required under section 1133 of the California Code of Civil Procedure. That is, the Verified Confession arose from the parties' Settlement Agreement, by which Pycon acknowledged that it owed Arrow a debt and agreed to make repayments on that debt. (Verified Confession ¶¶ 1-2.) The Verified Confession further acknowledges that a default under the Settlement Agreement would trigger Arrow's right to file the Verified Confession with this Court. (*Id.* ¶ 4.) Finally, the affidavits in support of the Request state that Pycon defaulted on its obligations. (Christensen Aff. ¶¶ 7-8.) Pycon does not dispute this fact, nor could it. In sum, Pycon's argument that the Verified Confession fails to state the facts out of which it arose lacks merit and should be disregarded by this Court.

**III.    THE STIPULATED JUDGMENT IS A PROPER PROCEDURE FOR ENFORCING THE SETTLEMENT AGREEMENT.**

Pycon's argument that this Court does not have jurisdiction to enter the Stipulated Judgment and must hold a "plenary hearing" to determine "issues of fact related to settlement" (Def.'s Opp. Mem. 7) is flatly wrong. Contrary to Pycon's argument, it is of no relevance that there was "no action pending" to form the basis of the Settlement Agreement. The entire point of a confessed judgment is to avoid the need to file an action in the first place. *Aaronian*, 93 F.3d at 641.

Indeed, federal courts, recognizing the valuable role that confession to judgment agreements serve in creditor-debtor relationships, regularly enter and enforce such judgments without first holding a hearing. *See, e.g., D. H. Overmyer Co., Inc. v. Frick Co.*, 405 U.S. 174, 176 (1972) (describing a confession to judgment clause, or cognovit, as "the ancient legal device by which the debtor consents in advance to the [note] holder's obtaining a judgment without notice or hearing" and holding that such clauses are not per se unconstitutional); *Aaronian*, 93

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

REPLY MEMORANDUM IN SUPPORT OF
REQUEST FOR ENTRY OF JUDGMENT BY     -8-     C07 02770
CONFESSION

F.3d at 640-41 (recognizing that confession of judgment clauses "serve a valuable commercial purpose by injecting a measure of security for the creditor into the lending relationship" by "avoid[ing] the need for a hearing altogether"). A confessed judgment may be entered *without a hearing* unless the defendant pleads and shows that it did not voluntarily, intelligently, and knowingly waive its right to prejudgment notice and hearing. *E.g., id.* Pyron has not even attempted to make such a showing here, nor could it. In sum, the Stipulated Judgment is a perfectly legitimate means of enforcing the parties' Settlement Agreement.

### IV. THERE ARE NO MATERIAL "TEXTUAL DIFFERENCES" BETWEEN THE PROPOSED JUDGMENT AND THE STIPULATED JUDGMENT TO WARRANT DENYING ARROW'S REQUEST.

As Pycon points out, page 1 of the Stipulated Judgment (Exhibit A1 to the Settlement Agreement) was inadvertently omitted from Arrow's Request. Accordingly, all pages of the Settlement Agreement (including the Stipulated Judgment) are attached hereto as Exhibit A. The complete Stipulated Judgment clearly shows that Pycon approved the form of the Stipulated Judgment that was filed with this Court. The only "textual difference" is that Arrow filled in certain blanks to indicate any amounts that Pycon paid to Arrow pursuant to the Settlement Agreement, the amount of interest accrued on the outstanding principal owed by Pycon, and the reasonable attorneys' fees incurred by Arrow. These amounts were verified by the affidavits accompanying the Request. (Christensen Aff. ¶¶ 7-9; Palmer Aff. ¶ 6.) Further, Pycon agreed to allow Arrow to "fill in the blanks" in the Settlement Agreement. (Settlement Agreement ¶ 4.a.) In sum, Pycon agreed to the form of the Proposed Judgment; therefore, it should be entered.

### V. THE STIPULATED JUDGMENT SHOULD BE AMENDED TO REFLECT ARROW'S RECENT SALE OF CERTAIN INVENTORY.

As set forth in the Request, Pycon currently owes Arrow $1,161,289.93 (the "Debt"). The Debt is made up of two components: (1) booked and shipped inventory totaling $1,139,553.74; and (2) non-cancelable non-returnable inventory (the "NCNR inventory") totaling $21,736.19,

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

REPLY MEMORANDUM IN SUPPORT OF
REQUEST FOR ENTRY OF JUDGMENT BY          -9-                    C07 02770
CONFESSION

which Arrow obtained for Pycon on a non-cancelable/non-returnable basis, and which remained in Arrow's possession at the time of the parties' Settlement Agreement.

According to the Settlement Agreement, Arrow agreed to ship the NCNR inventory to Pycon *after* Pycon made its initial payment in the amount of $125,000.00, which was due on May 14, 2007. (Settlement Agreement ¶ 5.a.) Pycon, however, breached the Settlement Agreement, in that it failed and/or refused to make its initial payment to Arrow due on May 14, 2007. (*See* Affidavit of Douglass P. Christensen (the "Christensen Affidavit") ¶ 5, attached as Exhibit B.) To date, Arrow has received no amounts from Pycon pursuant to the Settlement Agreement. (*Id.*)

In order to mitigate its damages, Arrow has sold the NCNR inventory to third parties for a total of $21,736.19. (*Id.* ¶ 6.) Thus, the principal amount currently owing to Arrow is $1,139,553.74. (*Id.*) The Stipulated Judgment should be amended to reflect the current amount owing to Arrow.

## CONCLUSION

For the foregoing reasons, the Court should grant Arrow's Request and enter the Amended Stipulated Judgment. Arrow's Request has been fully briefed by the parties, and therefore, Arrow requests that the Court set a hearing on this matter as soon as possible.

DATED: June 27, 2007

    Stoel Rives LLP

    By:/s/SETH D. HILTON
        SETH D. HILTON
        Attorneys for Plaintiff
        Arrow Electronics, Inc.

## DECLARATION OF SERVICE

I declare that I am over the age of eighteen years and not a party to this action and I hereby certify that on this 27th day of June, 2007 the foregoing PLAINTIFF ARROW ELECTRONICS, INC.'S REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR ENTRY OF JUDGMENT BY CONFESSION was filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

> Javed Ellahie, Esq.
> The Ellahie Law Firm
> 12 S. First St.
> San Jose, CA  95113

A copy was also mailed to:

> Javed Ellahie, Esq.
> The Ellahie Law Firm
> 12 S. First St.
> San Jose, CA  95113

☒ **BY FIRST CLASS MAIL**

☐ **BY FACSIMILE**

☐ **BY HAND DELIVERY**

☐ **BY OVERNIGHT MAIL**

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on June 27, 2007, at Sacramento, California.

                              /s/Seth D. Hilton