SETH D. HILTON (SB #181899)
sdhilton@stoel.com
STOEL RIVES LLP
770 L Street, Suite 800
Sacramento, CA 95814-3361
Telephone: (916) 447-0700
Facsimile: (916) 447-4781

Attorneys for Plaintiff
Arrow Electronics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARROW ELECTRONICS, INC. a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>PYCON, INC. a California corporation,,<br><br>Defendant. | Case No. C07 02770<br><br>**PLAINTIFF ARROW ELECTRONICS, INC.'S RESPONSE TO ORDER REQUESTING FURTHER BRIEFING** |

Plaintiff Arrow Electronics, Inc. ("Arrow") hereby submits this response to the Court's Order Requesting Further Briefing dated July 9, 2007 (the "Order"). The Court has requested further briefing concerning whether it may enter judgment against a corporation based upon a stipulation for entry of judgment where the stipulation is signed on behalf of the corporation by a non-attorney. As explained below, entry of judgment is appropriate where, as here, the corporation knowingly chose to be represented by a non-attorney, and it was not prejudiced by that representation.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

RESPONSE TO ORDER REQUESTING
FURTHER BRIEFING

1

C07 02770

SanFran-225587.1 0041442-00027

## ARGUMENT

### I. Pycon's Decision to be Represented by Its Non-lawyer President Does Not Void the Judgment

In its Order, the Court cites *Retail Clerk's Union Joint Person Trust v. Freedom Food Center, Inc.*, 938 F.2d 136, 137 (9th Cir. 1991) for the proposition that judgments entered against a corporation represented by a non-lawyer may be voidable in certain circumstances. Order at 2. As the Court suggests, however, *Retail Clerk's* involved a situation where the party challenging the judgment did not know that its representative was not a licensed attorney prior to entry of judgment. *See Retail Clerk's* at 137 (Defendants vice president "concluded that [the corporation's representative] was representing Freedom Food as an attorney at law...").

Here, in contrast, Pycon made a conscious decision not to be represented by counsel. Arrow advised Pycon to seek the advice of counsel *before* signing the Confession; yet Pycon—a sophisticated corporate entity—apparently chose to assume of the risk of proceeding without counsel. (Settlement Agreement, ¶ 19.) In *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423 (7th Cir. 1985), also cited in *Retail Clerk's*, the court held that a corporation cannot challenge a judgment based upon its own decision to be represented by its non-attorney president, not counsel, at trial, despite the rule that corporations cannot appear in federal court except through counsel. *Scandia Down Corp.* at 1427. Pycon's decision to be represented by its president does not afford Pycon the opportunity to escape the consequences of its failure to make payments under its settlement agreement with Arrow.

Other federal courts have also held that a corporation may not manipulate the confession of judgment process by refusing to retain counsel. For example, in *Alt. Leasing & Fin., Inc. v. IPM Tech., Inc.*, 885 F.2d 188 (4th Cir. 1989), the Fourth Circuit held that entry of judgment by confession was valid even though the corporate defendant failed to have the confession reviewed by counsel. According the court, such failure "hardly excuses [the defendant's] officers and

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

RESPONSE TO ORDER REQUESTING
FURTHER BRIEFING

2

C07 02770

SanFran-225587.1 0041442-00027

directors from an obligation to read the contract carefully on their own and to seek legal assistance if something is not clearly understood." *Alt. Leasing & Fin., Inc.* at 192-193. The Fourth Circuit also found it significant that there was "nothing to suggest that [the corporation] lacked access to... competent legal counsel." *Id.* at 192. Similarly here, there is no evidence that Pycon lacked access to legal counsel, and Pycon did retain counsel immediately after Arrow filed its request for entry of judgment.

Even in cases, unlike here, where a party erroneously believes that it is represented by a licensed attorney, a judgment is not void if the party challenging the judgment cannot show that it was prejudiced. *Retail Clerk's*, 938 F.2d at 138 ("Refusal to vacate a judgment arising out of a proceeding in which the unsuccessful party is represented by a non-attorney is permissible if that representation did not prejudice the unsuccessful party"). Here, Pycon has not, and cannot, show that it was prejudiced by choosing to be represented by its president.[1]

*Retail Clerk's* is illustrative. In that case, the appellant, Freedom Food Center, Inc. ("Freedom Food"), was party to a collective bargaining agreement obligating it to contribute to certain employee benefit plans. Appellees were the trustees of the benefit plans (the "Trustees"). The Trustees argued that Freedom Foods was delinquent in its contributions. Ultimately, Freedom Foods—through a non-lawyer corporate representative—agreed to make certain payments to the Trustees, and consented to a stipulated judgment if it failed to make the scheduled payments. After Freedom Foods failed to make its scheduled payments, the Trustees requested that the district court enter the stipulated judgment, which the district court did. On appeal, Freedom Foods argued that the judgment should not have been entered, because it was represented by a non-lawyer when the stipulated judgment was executed. The Ninth Circuit

---

[1] As *Retail Clerk's* makes clear, Pycon bears the burden of producing evidence of prejudice.

rejected Freedom Food's argument (the same argument Pycon makes here), holding that there was no evidence that Freedom Foods was prejudiced by the non-lawyer's representation. *See id.* at 138.

In support of its decision, the Ninth Circuit reasoned as follows:

> The only suggestion of prejudice made by Freedom in its motion before the district court is an assertion, made in its reply to Plaintiff's opposition to the motion to vacate the judgment, that calculations of the amount of contributions Freedom owed "may exceed those required by the agreements actually executed by defendant." This statement was not supported by any evidence. ***The fact that Conhain was not an attorney could have had no effect on the calculation of the amounts due.*** Furthermore, Wat admitted in his declaration that Freedom was obligated to make monthly contributions and that it failed to do so beginning in October 1987. ***He suggested that the reason for the failure was "cash flow problems," but made no mention of any disagreement with regard to the amount owed. The stipulated judgment simply placed the authority of the court behind Wat's admission that Freedom owed delinquent contributions.***
>
> Because there is no evidence that Freedom was prejudiced by Conhain's conduct, the order of the district court is affirmed.

*Id.* at 139 (emphasis added.)

The above reasoning controls here. Beginning in December 2005 and continuing through March 2007, Pycon ordered from Arrow, and Arrow delivered to Pycon, $1,161,289.93 worth of electronic product on credit. Pycon accepted the product, but failed to pay for it. Pycon acknowledged in the parties' settlement agreement that it owes Arrow $1,161,289.93. There has never been a disagreement among the parties with regard to when Pycon's settlement payments are due, or the amount of such payments. As the Court's Order notes, there is no dispute as to the existence or terms of the parties' settlement agreement.[2] As in the *Retail Clerk's* case, the

---

[2] Pycon's written opposition to the request for entry of judgment offers no evidence that there is a dispute as to the existence or terms of the parties' settlement agreement. Having failed to provide such evidence in its opposition (because none exists), Pycon should not be allowed to dispute the existence or terms of the parties' settlement agreement now.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

RESPONSE TO ORDER REQUESTING
FURTHER BRIEFING

4

C07 02770

SanFran-225587.1 0041442-00027

"stipulated judgment simply placed the authority of the court behind [Pycon's] admission that [it] owe[s]" Arrow $1,161,289.93. The fact that Pycon's President is not an attorney could have had no effect on Pycon's inability to make its scheduled payments.

## CONCLUSION

For the foregoing reasons, the Court should grant Arrow's request and enter the Amended Stipulated Judgment against Pycon.

DATED: July 11, 2007

        Stoel Rives LLP

        By: _____
            Seth D. Hilton

        Attorneys for Plaintiff
        Arrow Electronics, Inc.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

RESPONSE TO ORDER REQUESTING
FURTHER BRIEFING

5

C07 02770

SanFran-225587.1 0041442-00027

# DECLARATION OF SERVICE

I declare that I am over the age of eighteen years and not a party to this action and I hereby certify that on this 11th day of July, 2007 the foregoing PLAINTIFF ARROW ELECTRONICS, INC.'S RESPONSE TO ORDER REQUESTING FURTHER BRIEFING was filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

    Javed Ellahie, Esq.
    The Ellahie Law Firm
    12 S. First St.
    San Jose, CA 95113

A copy was also mailed to:

    Javed Ellahie, Esq.
    The Ellahie Law Firm
    12 S. First St.
    San Jose, CA 95113

☒ BY FIRST CLASS MAIL
☐ BY FACSIMILE
☐ BY HAND DELIVERY
☐ BY OVERNIGHT MAIL

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on July 11, 2007, at Sacramento, California.

*Deborah L. Pennington*

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

RESPONSE TO ORDER REQUESTING
FURTHER BRIEFING

6

C07 02770

SanFran-225587.1 0041442-00027