JAVED ELLAHIE, ESQ (State Bar: 63340)
THE ELLAHIE LAW FIRM
12 S. FIRST ST.,
SAN JOSE, CA 95113
Telephone: 408-294-0404
Facsimile: 408-294-6659

Attorneys for Defendant Pycon, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Arrow Electronics, Inc., a New York Corporation<br><br>Plaintiff,<br><br>vs.<br><br>Pycon, Inc., a California Corporation<br>Defendant<br>_______________________/ | No. C07-02770 RS<br>**DEFENDANT PYCON, INC.'S SUPPLEMENTAL BRIEF IN RESPONSE TO ARROW ELECTRONICS, INC.'S BRIEF PURSUANT TO THE ORDER RE FURTHER BRIEFING; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Jury Trial Demanded |

PYCON, INC., "Pycon", submits its supplemental brief in response to the brief filed by ARROW ELECTRONICS, INC., "Arrow", pursuant to this Court's order of July 9, 2007.

## I. Statement of Facts

Plaintiff submitted a Request for Entry of Judgment, based, *inter alia,* on a purported Verified Confession and Stipulation to Entry of Judgment ("Confession") that did not include a Certificate of Examination of Proposed Judgment and Advisement of Defendant as required under state law for an enforceable Confession of Judgment.

This confession was executed as part of a "Settlement Agreement and Release". The Settlement Agreement and Release was executed only by the Officers of Arrow and Pycon. The Verified Confession, which was attached, as an Exhibit to this Settlement Agreement was executed only by an officer of Defendant.

While Arrow may have been represented by an Attorney, neither of these documents was signed by Arrow's attorney. Pycon was not represented by an attorney and neither of these documents was signed by an attorney on behalf of Pycon.

The Confession violated an important safeguard provided for California defendants under Cal. Code Civ. P. §§1132(b) and 1133 which mandate that, for such a confession to be enforceable, the party executing the Confession must have the benefit of relying on an attorney's advice and that such reliance be evidenced by the Attorney executing a declaration to that effect.

While the California Civil Code raises an important constitutional due process issue, this court has asked for briefing on the issue whether it can, at the very outset, even consider a pleading presented to it where the pleading fails the threshold requirement that a corporation must be represented by an attorney in federal court. The pleading, upon which Plaintiff seeks relief, fails this threshold requirement because it is being presented as a pleading filed by an officer of Plaintiff (as Arrow is also not represented on the pleading by an Attorney)[1] and by an Officer of Defendant (and certainly Pycon was not represented by an Attorney).

## II. Legal Argument

### A. NEITHER ARROW NOR PYCON IS PERMITTED TO SELF-REPRESENT IN FEDERAL COURT; THE SUBSTANTIVE, DISPOSITIVE PLEADING IN A STIPULATION AND A CONFESSION OF JUDGMENT SHOULD NOT BE PERMITTED.

It has long been established that "… a corporation cannot appear in an action in a federal district court unrepresented by counsel." Wright & Miller, Federal Practice & Procedure (3d ed.), "Signing of Pleadings," §1333, p. 512, citing *Operating Engineers Local 139 Health Benefit Fund v. Rawson Plumbing* (D.C.Wis. 2001) 130 F.Supp.2d 1022; *Thompson v. Thomas*

[1]While Arrow is represented by an Attorney in the current proceeding, the Confession is a pleading that must stand on its own. It is not executed by an Attorney on behalf of Arrow.

(D.C.D.C.1987) 680 F.Supp.1; *Brandstein v. White Lamps, Inc*. (D.C.N.Y. 1937) 20 F.Supp. 1; and *Mullin-Johnson Co. v. Penn Mut. Life Ins. Co.* (D.C.Cal. 1934) 9 F.Supp.175[2]. Rule 11 requires that "any paper filed on behalf of a corporate party must be signed by that corporation's legal counsel …". Wright & Miller, Federal Practice & Procedure , *supra*, "Signing of Pleadings," §1333 at 512.

The Court in *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 (2nd Cir. 2000) held that a defendant corporation in a derivative action brought by shareholders of another corporation could not appear *pro se* through its president and sole shareholder. In *Jacobs*, the action under consideration was a notice of appeal, signed and given by its president, without corporate counsel.[3]

The *Jacobs* court relied primarily on *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993), in which a tribe was held to be a "person" within the meaning of 1 U.S.C. §1, bound by the rule that "… **28 U.S.C. §1654 … does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney**." Id., 113 S.Ct. at 720-21 [emphasis added].

The *Jacobs-Rowland* rule has "been the law for the better part of two centuries, [i.e.], that **a corporation may appear in the federal courts only through licensed counsel**." Id., 721 [emphasis added], citing *Osborn v. Pres., Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed.204 (1824) and *Turner v. Amer. Bar Assn.*, 407 F.Supp.451, 476 (ND Tex. 1975), aff.

---

[2] This even applies to real parties in interest, seeking to intervene in diversity actions. *Maydak v. Bonded Credit Co.*, 892 F.Supp. 1304, 1308, aff'd, 96 F.3d 1332, citing *Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986).

[3] The Court also held that, under the peculiar circumstances of *Jacobs*, the president who noticed the appeal should not even have been allowed to intervene in District Court, because his status as sole officer and director would defeat the policy not to allow sole shareholders with interests identical to the corporation's interest to intervene "rather than hire corporate counsel" and because of its consequences for 28 USC §1654 (that "parties may plead and conduct their own cases personally or by counsel.")

order *sub nom. Taylor v. Montgomery*, 539 F.2d 715 (Table) (7th Cir. 1976)..

The court in *Jacobs* noted only one exception to the *Rowland* rule, viz., "…in cases in which a corporation fails to assert an available defense to an action against it." *Jacobs v. Patent Enforcement, supra*, 230 F.3d at 568 [emphasis added], citing *Price v. Gurney* (1945) 324 US 99, 89 L.Ed. 776[4].

Accordingly, it is exactly the absence of the factor that Arrow insists Pycon must show (prejudice), that makes the case at bar controlled by the *Jacobs-Rowland* rule that a corporation cannot appear in federal court except through an attorney. If Pycon failed to assert an available defense in Arrow's action, then and only then could it appear without an attorney. However, no such defense has been advanced. The *Price* exception does not apply. Pycon's appearance cannot be through the Confession and must only be through an attorney.

Further demonstration that the *Price* exception does not apply is **the absence of any such contention of negligence, bad faith, collusion, or fraud of Pycon's officers on the pleadings** in this matter. The *Price* exception is "limited to cases in which the corporation's failure to defend is due to the negligence, bad faith, collusion, or fraud of the corporation's officers." *Jacobs v. Patent Enforcement, supra*, 230 F.3d at 568, citing *Amalgamated Sugar Co. v. NL Indus., Inc.* (2d Cir. 1987) 825 F.2d 634, 641. The absence of any such allegation further emphasizes that the *Price* exception does not apply, that the *Jacobs-Rowland* rule does apply, and that Pycon's appearance herein cannot be made through the Confession.

---

[4] This is apparently a misinterpretation of *Price v. Guerney*. In *Price*, the issue arose on the corporation's filing of an answer in a foreclosure proceeding, "admitting the allegations of the bill [petition to foreclose the lien of the bondholders] and consenting to the appointment of a receiver" Id., 324 US at 101. Respondents filed a petition for relief under Chapter X of the Bankruptcy Act, in the corporation's name, partly because the corporate officers were unwilling to file the petition themselves. Id., 102. The District Court dismissed the petition on a motion by the bondholders' committee, based on the lack of authorization by the corporate board of directors. The Circuit Court of Appeals reversed, and the U.S. Supreme Court, on petition for writ of certiorari, held, **without deciding** whether or not the "corporation has a defense or a remedy in alleviation of the foreclosure action which the directors refuse to invoke," that the shareholders could not proceed.

There is, however, yet another exception to the *Rowland* rule. In *Bigelow v. Brady*, 179 F.3d 1164 (9th Cir. 1999), the Court permitted a *pro se* corporate appeal to proceed despite its notice having been signed only by a corporate officer. As with applications of Rule 11, the Court permitted the appearance "so long as a lawyer promptly thereafter enters a formal appearance on behalf of the corporation and undertakes the representation." Id., 1165.

In *Bigelow*, **unlike the case at bar**, counsel for the corporation "entered his appearance of record [before the Bankruptcy Appellate Panel] prior to the time any briefs, motions or responses were due." Id. See also *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552 (10th Cir. 2001). In the case at bar, Pycon retained counsel only after having signed the dispositive pleading that effectively serves both as an appearance and as the judgment. By the time that Pycon's present counsel was retained, the damage was done.[5]

**B. DENIAL OF ENTRY OF JUDGMENT ON THE CONFESSION SHOULD NOT DEPEND UPON A SHOWING OF PREJUDICE OR ANY OF THE OTHER REQUIREMENTS OF A MOTION TO SET ASIDE JUDGMENT BECAUSE THE ISSUE OF PYCON'S REPRESENTATION IN FEDERAL COURT BY SOMEONE OTHER THAN LICENSED COUNSEL WAS RAISED PRIOR TO ENTRY OF JUDGMENT. FRCP. 60(b), 11.**

Arrow now argues that judgment should be entered against Pycon on the basis of the Confession it executed while unrepresented, partly because Pycon now appears, and presumably earlier could have been, represented by counsel (Response, 3:4-7). The same unavailing logic could better be fostered by reference to ¶19 in the Settlement Agreement, in which Pycon acknowledged "that it has been encouraged to seek the advice of competent counsel …[and] knowingly assumed the risk of proceeding without legal counsel."

Much of the precedent cited by Arrow is inapposite. *Retail Clerks Union* and *Alexander v. Robertson*, 882 F.2d 421 (9th Cir. 1989) are both Fed. R. Civ. P. 60(b) cases. To prevail on a

[5] The Confession (¶5, p.2) contemplated entry of judgment without notice to Pycon, and consequently without opportunity for Pycon to appear otherwise than by the Confession itself.

motion to set aside a judgment, a showing of fraud or excusable neglect is required. There is no such requirement for opposing entry of judgment on a request based on stipulation or confession of judgment.

**Unlike the stipulation in *Retail Clerk's Union*, however, there was no apparent intervening counsel between Arrow's attorneys and Pycon's President and COO**.[6] In *Retail Clerk's Union,* the proposed stipulation had been passed on to the corporate officer by an intervening non-attorney construed by the Defendant's officer as

> "**representing** [that party] as an attorney at law and **recommending** that [the Defendant] consent to the stipulation on the basis of an independent evaluation of the consequences of the proposed judgment which involved employing the expertise and experience associated with an attorney *versed in labor relations matters*." [Id., 137, emphasis added.]

The *Retail Clerk's Union* case has no apparent application to the case at bar, with respect to the issue of whether a corporation may appear in federal court without an attorney representing it. The contacts leading to the Confession were directly between the corporate defendant's officers and plaintiff's officers and attorneys, without an attorney or even the mistaken belief that an attorney was representing Pycon.

The instant case is governed by Rule 11, requiring the signature of an attorney for a corporate party. No judgment has yet been entered. Pycon opposes its appearance by the filing of a pleading which it executed *pro se* and which Plaintiff also executed *pro se.*

Similarly, the requirements in *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423 (7th

---

[6] In fact, much of Plaintiff's authority in the 7/11/07 Response ("Response") arises from circumstances where the Defendant was given nominal, even adverse representation. In *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 187, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) – a case which "[b]oth parties [in *Atl. Leasing & Fin, Inc. v. IPM Tech., Inc.*, 885 F.2d 188, 192 (4th Cir. 1989)], recognize[d] … as the seminal case regarding the constitutionality of confessed-judgment contract provisions," the Court permitted entry of judgment by *cognovit*, where the plaintiff obtained entry of judgment against the defendant-debtor through proceedings in which an attorney representing the Defendant under the terms of the instrument, appeared at court and signed the confession of judgment for the Defendant, without the Defendant's knowledge.

Cir. 1985) differ from those to be applied to Arrow's request. In *Scandia Down*, the defendant had lost its counsel prior to trial, had proceeded with the trial, and then had wanted to raise that as grounds for a new trial. The Court noted that "[i]f [Plaintiff] had objected to [Defendant's president and sole stockholder's] representation of [Defendant], the district court would have been required to prevent [Defendant] from appearing at trial." Id., 1427. It further noted that "the alternative" was a "default judgment." Id., citing *Strong Delivery Ministry Ass'n v. Board of Appeals*, 543 F.2d 32, 33-34 (7th Cir. 1976).

In *Scandia Down*, the Court found that the District Court had not abused its discretion in denying a defendant corporation's motion for new trial on the basis of its prior participation at trial through a non-lawyer. The rule in *Scandia Down* would be misapplied to the instant case because that defendant's objection to proceeding without counsel was only raised after trial. Unlike the case at bar, the timing would have "force[d] [Plaintiff] to wait indefinitely for [Defendant] to retain counsel." Id.

The Defendant in *Scandia Down* had been given "a month to obtain new counsel, … [but] did not." Id. Under Rule 11, a party is generally given a reasonable time, after having filed pleadings not signed by the party's counsel, when required, within which to submit properly signed pleadings. Entry of judgment against Pycon on the Confession, however, is less compelling, since, unlike the defendant in *Scandia Down*, Pycon had **not** been represented previously by counsel, had **not** been given a month to get a lawyer prior to signing the Confession, and had **not** gone through a court trial with its president and sole stockholder as its non-lawyer representative.

Arrow's argument misses the point. This case is controlled by the rule in *Rowland v. California Men's Colony, supra*, 506 U.S. at 201-02, not by the rule in *Bigelow v. Brady, supra*, 179 F.3d at 1165.

In support of the rule "that a corporation may appear in the federal courts only through licensed counsel," the court in *Rowland v. California Men's Colony*, *supra*, 113 S.Ct. at 721, cited these *per curiam* opinions by six (6) Courts of Appeal: *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (CA Fed.1983); *Southwest Express Co. v. ICC*, 670F.2d 53, 55 (5th Cir. 1982); *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir. 1976); *Strong Delivery Ministry Assn. v. Board of Appeals of Cook County*, 543 F.2d 32, 34 (7th Cir. 1976); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1976); and *Simbraw, Inc. v. United States*; 367 F.2d 373, 374 (3rd Cir. 1966).

Contrary also to Arrow's favored 4th Cir. authority in *Atl. Leasing & Fin, Inc. v. IPM Tech., Inc.*, *supra*, 885 F.2d 188, the Court in *D-Beam Limited Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972 (9th Cir. 2004), applied the *Rowland* rule to disallow an appeal undertaken in the name of the majority shareholder, not in the name of the corporation. Noting the unity of interests between the two, the court cited the "longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney [fn]'." It affirmed the dismissal of the action, and upheld the District Court's repeated admonitions to the appellant that he "could not proceed on behalf of D-Beam without counsel" [Id., fn.1].[7]

Similarly, insurance-related defendant corporations and partnerships could not appear *pro per* in an action for breach of an insurance contract and for bad faith, alleged in insurers' refusal to defend in a sexual harassment action under the Fair Employment and Housing Act (FEHA). *Lindsey v. Admiral Ins. Co.*, 804 F.Supp. 47 (N.D.Cal. 1992).

/////

---

[7] The Court has also ruled in affirming the dismissal of an intervenor whose interests were identical with those of a corporate defendant, that an appearance without counsel would be "nothing more than an end run around [28 U.S.C.] section 1654." *United States v. High Country Broadcasting Company, Inc. [C.R. Crisler]*, 3 F.3d 1244 (9th Cir. 1993).

**C. THE RELEVANT LOCAL RULES AND OTHER EQUITIES MILITATE AGAINST ENTRY OF JUDGMENT ON THE CONFESSION SIGNED BY A CORPORATE OFFICER RATHER THAN BY COUNSEL REPRESENTING IT.**

Furthermore, No. Dist, Cal. Civil Local Rule 3-9(b) should not be ignored. LR 3-9(b) provides, "A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."

Arrow's reliance upon *Atl. Leasing & Fin, Inc. v. IPM Tech., Inc., supra*, 885 F.2d 188 is misplaced, because that case depended upon D.Md. Local Rule 36(A), which authorized the confession of judgment procedure specifically, and specified the circumstances under which it could be utilized. Id., 193. The Court in *Atl. Leasing* drew additional support for its conclusions from "the Maryland confessed-judgment statutory scheme [which it considered to be] nearly identical to the Ohio scheme reviewed in *Overmyer* [supra, fn.1]." Id. If that approach were carried to the instant case, Pycon's initial objections to entry of judgment based on Cal. Code Civ. P. §§1132(b) and 1133 would be sustained.

The absence of a comparable provision in the Local Rules for the U.S. District Court, Utah (DUCivR83-11(g) "Pro Se Representation"[8]), may have contributed to Plaintiff Arrow's belief that the Court could enter judgment against Pycon on these papers. Similarly, a proscription against corporate entities appearing in federal court *pro se* might logically have been included in DUCivR 83-1.3(c) "Appearance by Party," but does not.

Plaintiff **clearly** intended the Settlement Agreement and the Confession to be an appearance in federal court. The former specifies, in ¶1.(a.) on page 1, as follows:

> "Arrow may commence an action against Pycon in the United States District Court for the Northern District of California, San Jose Division, for all claims Arrow

---

[8] The Civil Local Rules of U.S. District Court, Utah, might be implicated to the extent that the choice-of-law provision in ¶ 18 (p.4) of the Settlement Agreement were to be upheld; Defendant Pycon contends that, for the reasons set forth in its Opposition to Arrow's Request for Entry of Judgment, filed on June 13, 2007, at 5:3-7:4, Utah's law, whether it be state or federal, cannot be applied, regardless of the contractual provision.

may have, now or in the future, against Pycon relating to or arising out of the Debt (the 'Litigation'). Pycon consents to jurisdiction in the Northern District of California, San Jose Division." [Emphasis added.]

The Confession contains this ¶10 on page 3:

> Defendant acknowledges and agrees the Judgment that may be entered hereon may be entered and enforced in the United States District Court for the Northern District of California, San Jose Division, and Defendant expressly waives any right it may have to contest the validity or enforceability of such Judgment, other than as provided by the terms of this Stipulation. [Emphasis added.]

Since Plaintiff clearly intended this Confession to be a dispositive, rather than an introductory or nominal pleading in federal court, the *Rowland* rule definitely governs.

Arrow argues that Pycon cannot show requisite prejudice in having executed the Confession without counsel, because it would have to show a meritorious defense or other substantive right forfeited unintelligently (Response, 3:8-5:3). However, as the Court noted in *Price v. Gurney*, supra, 324 US at 106, regardless of whether or not the shareholders had a valid cause for their action, if they were not "granted authority by local law to institute the proceedings," their petition for the corporation, like Pycon's executed Confession, must be dismissed.

As the rules in *Jacobs*, in *Rowland*, in *D-Beam Limited Partnership*, and in *Lindsey* dictate, the Confession should not be honored to the extent that it were to serve as Pycon's appearance in the above-captioned matter.

**IV. Conclusion**

Public Policy places a heavy burden on the Plaintiff that seeks Judgment in a swift and summary manner by Confession. For the reasons set forth above, Defendant Pycon respectfully submits that Plaintiff Arrow's Request for Entry of Judgment should be DENIED.

Date: July 18, 2007

By: /s/ Javed Ellahie
JAVED ELLAHIE
Attorney for Defendant Pycon, INC.

R:\wpwin\CIVIL\Pycon\Arrow Electronics\Pycon Supplemental Brief 7_18_07 rev1.wpd