**\*E-FILED 8/2/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARROW ELECTRONICS, INC., | NO. C 07-02770 RS |
| Plaintiff, | **ORDER RE ENTRY OF JUDGMENT** |
| v. | |
| PYCON, INC. | |
| Defendants. | |

Plaintiff Arrow, Inc. brought this action seeking entry of judgment "by confession." Defendant Pycon, Inc. filed written opposition, arguing primarily that Arrow's application did not comply with California Code of Civil Procedure sections 1132 (b) and 1133. In an order entered on July 9, 2007, the Court rejected Pycon's arguments that California procedural rules have any applicability in this forum. Concerned, however, by the fact that Pycon's stipulation for entry of judgment was made through a non-lawyer representative of the corporation, the Court requested further briefing as to whether it would be proper to enter judgment based on that stipulation.

In response, neither party has identified any case precedents directly addressing the precise question presented here: whether it is proper for the Court to enter judgment against a corporation based on a stipulation with full knowledge that the person executing the stipulation on behalf of the corporation was not a licensed attorney. Pycon primarily relies on authorities supporting the general rule that corporations are not permitted to appear in court except through counsel. Arrow cites cases where the failure of a corporation to be represented by licensed counsel did not give rise to an absolute right to have a judgment set aside, but none in which the issue was squarely presented prior

1

to entry of judgment. *See, e.g.*, *Retail Clerk's Union Joint Person Trust v. Freedom Food Center, Inc.*, 938 F.2d 136, 137 (9th Cir. 1991) (finding no abuse of discretion where trial court refused to set aside stipulated judgment based on claim that defendant had not known that its signatory was not an attorney when the stipulation was executed); *Atlantic Leasing & Financial. Inc. v. IPM Tech, Inc.*, 885 F.2d 188, 195 (4th Cir. 1989) (upholding refusal to vacate judgment by confession where, among other things, a licensed attorney *did* appear on behalf of the defendant, albeit an attorney from the same firm that represented the plaintiff).

"[T]here is a long line of cases starting with *Osborn v. Bank of United States*, 9 Wheat. (22 U.S. 738), 6 L.Ed. 204, [1824] and continuing through *Commercial & Railroad Bank of Vicksburg v. Slocomb,* 14 Pet. (39 U.S. 60), 10 L.Ed. 354 (1840); *Nightingale v. Oregon Central Railway Company*, 18 Fed.Cas. No. 10, 264, p. 239; *Brandstein v. White Lamps*, 20 F.Supp. 369 (S.D.N.Y., 1937); *MacNeil v. Hearst Corp.*, 160 F.Supp. 157 (Del., 1958); and *Flora Construction Company v. Fireman's Fund Insurance Company*, 307 F.2d 413 (C.A.10, 1962), which have held that under 28 U.S.C.A. s 1654 and its predecessor statutes a corporation may only be represented by licensed counsel." *Turner v. American Bar Association*, 407 F.Supp. 451, 476 (D.C.Ala. 1975). The rule arises from the fact that a corporation is a "fictional legal person" that "obviously cannot appear for [itself] personally." *Id.* Because a corporation can *only* speak through *representatives* (whether in court or not) the requirement that its representative in court be a licensed attorney is no different than the rule that any one appearing in court on behalf of natural person also must be a licensed attorney. Thus, it would not be technically accurate to say there is a rule against corporations appearing *pro se*–rather they cannot appear *pro se* by their very nature as artificial persons, and the *rule* is only the ordinary principle that *anyone* appearing on behalf of another in court must be admitted to the bar.

Permitting only members of the bar to speak for others in court dates back centuries, as described in detail in *Turner*, *supra*, 407 F.Supp. at 473-475. Although the origins of the rule are somewhat obscured by the passage of time, it is evident that the primary purpose is to protect the interests of the *courts* (or, more cynically, the interests of the bar). "For centuries . . . the English forerunner of the American lawyer was called or invited to practice [before] a Court only after the

Court had satisfied itself that a person was fit to practice by virtue of his character and/or training. On the American side of the ocean, this practice continued throughout the colonial, revolutionary and post-revolutionary era of our history. Although standards for admission were not all uniform and were not always very stringent, the tradition of admission upon qualification continued to exist from even the earliest times of the American legal experience." *Turner*, 407 F.Supp. at 474.

Naturally, the insistence on qualifications also served to protect *parties*, but because the rule *restricts* parties ability to choose who may speak on their behalf, it is difficult to characterize it as a matter of a party's *rights*. Moreover, even to the extent a *right* to be represented by licensed counsel arises from *other* legal traditions and principles, it is well-accepted that natural persons may *waive* that right. Apart from the general prohibition against corporations appearing in court without counsel, there is no reason to suggest that they, like natural persons, should not similarly be free to waive the right to counsel.

Thus, the question becomes whether a modern court may, in appropriate circumstances, forbear from strictly enforcing a rule with an ancient pedigree but which has always been primarily a judge-made rule[1]. Under the particular circumstances presented here, the Court concludes it is both allowable and appropriate to do so. Among other things, it is only in the most technical sense that Pycon is "appearing" in court without counsel by virtue of the Court entering judgment on the stipulation. There can be no dispute that corporations can enter into *contracts* through representatives that are not licensed attorneys, and the stipulation is, in essence, a contract. Pycon is not attempting to present evidence or legal arguments through a non-lawyer. It might be the case that the settlement of the original dispute and the advisability of stipulating to judgment presented legal issues as to which Pycon could had benefitted from consultation with an attorney, but those acts were taken outside of court and do not implicate the rule. Nothing about the submission of the stipulation to the court– the one act that arguably constitutes an "appearance"– is particularly complex or necessarily requires legal training. Pycon cannot, and does not, contend that the

---

[1] Although some cases cite 28 U.S.C. § 1654, the statute does not expressly state that corporations may appear only through licensed counsel. The statute has been given that interpretation through case law.

3

settlement agreement itself is unenforceable simply because Pycon chose not to be represented by counsel during its negotiation and execution.[2] To allow Pycon now to evade the provisions of that agreement for entry of judgment upon its failure to make the required payments would not serve any of the purposes the rule against allowing corporations to appear without counsel is designed to serve.[3]

Accordingly, the judgment will be entered. Arrow shall submit a proposed judgment that conforms to the settlement agreement and that reflects the offset described in Arrow's reply brief.

IT IS SO ORDERED.

Dated: August 2, 2007

RICHARD SEEBORG
United States Magistrate Judge

---

[2] In the settlement agreement, Pycon expressly acknowledged that it had been "encouraged to seek the advice of competent legal counsel" and that it had either done so or had "knowingly assumed the risk of proceeding without legal counsel." Docket No. 1, Exh. A.

[3] In its supplemental briefing, Pycon reiterated its contention that the California Code of Civil Procedure provides an "important safeguard" and that "constitutional due process" is implicated by confessions of judgment. That the California legislature has made a policy decision restricting the courts of its state from entering judgments by "confession" without additional protections for defendants is not a basis to import similar limitations into Federal court, particularly via a rule that serves entirely different purposes. Furthermore, Pycon has not shown that its constitutional due process rights have been violated.

ORDER RE ENTRY OF JUDGMENT
C 07-02770 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Javed I. Ellahie    javed@ellahie.net, ellahie@gmail.com

Seth D. Hilton    sdhilton@stoel.com, dlpennington@stoel.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 8/2/07**                                            **Chambers of Judge Richard Seeborg**

                                                             **By:    /s/ BAK**

ORDER RE ENTRY OF JUDGMENT
C 07-02770 RS

5